UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LESTER ESTENSEN,<br><br>           Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | 4:16-CV-4064-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Lester Estensen, moves to correct his sentence because of a possible *Johnson* claim under 28 U.S.C. § 2255. He also raises an ineffective assistance of counsel claim. Respondent, United States of America, opposes the motion and moves to dismiss Estensen's motion. Docket 9. For the following reasons, the court denies Estensen's petition.

**BACKGROUND**

Estensen entered a plea of guilty to one count of possession with intent to distribute a controlled substance. In his presentence report, the total offense level was calculated to be 33, and no Chapter Four enhancements were applied. PSR at ¶ 27. On August 26, 2013, Estensen was sentenced to 240 months in custody. His sentence was within his advisory guideline range. Estensen did not appeal and he did not file a petition for habeas relief under 28 U.S.C. § 2255.

A second amended judgment was filed on June 2, 2015, reducing Estensen's sentence under 18 U.S.C. § 3582(c)(2) to 94 months in custody.

Estensen now moves to correct his sentence because of a new rule of constitutional law that was announced by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Additionally, he seeks habeas relief arguing that his counsel was ineffective. He also moves for appointment of counsel. (Docket 5). By standing order of the Chief Judge for the District of South Dakota, the Federal Public Defender was appointed to represent Estensen. The Federal Public Defender filed a notice of intent not to supplement Estensen's pro se filing. The United States moves to dismiss the motion to correct his sentence for failure to state a claim. The United States also moves this court to deny Estensen's claim for relief based on ineffective assistance of counsel because it is time barred.

## DISCUSSION

*Johnson* addressed the application of the "residual clause" found in the Armed Career Criminal Act, at 18 U.S.C. § 924(e)(2)(B)(ii). But Estensen was not convicted under the Armed Career Criminal Act. Additionally, no enhancements were applied to him that included residual-clause language. Thus, he has no claim that *Johnson* somehow invalidated his guidelines application. Because there is no connection between *Johnson* and Estensen's convictions, Estensen's motion for a sentence reduction is denied. And Estensen's motion for appointment of counsel is denied as moot because the

Federal Public Defender's Office for the District of South Dakota was appointed previously by standing order of the Chief Judge of the District of South Dakota.

Estensen also contends that his trial counsel was ineffective. The judgment of conviction was entered on August 26, 2013. Estensen did not raise his claim of ineffective assistance of counsel until May 23, 2016. A 1-year period of limitations applies to all motions for relief under § 2255. *See* 28 U.S.C. § 2255(f). Because Estensen waited over 2 ½ years before filing his habeas petition that alleges ineffective assistance of counsel, it is denied as time barred.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Estensen has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim

differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Estensen has not demonstrated that he is entitled to a sentence reduction under *Johnson.* His claim that his counsel was ineffective is time barred. His request for a court appointed attorney is denied as moot. And the court denies a certificate of appealability. Thus, it is

ORDERED that Estensen's Motion to Correct his sentence is denied (Docket 1).

IT IS FURTHER ORDERED that Estensen's motion for an attorney (Docket 5) is denied as moot.

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 9) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated August 16, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE